IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE HAMILTON, #R0391                                                                PETITIONER

VS                                                               Civil Action No. 3:11-CV-109-SA-JMV

JAMES HOLMAN and STATE OF MISSISSIPPI                                            RESPONDENTS

### REPORT AND RECOMMENDATION

This matter is before the court on the petition of Willie Hamilton for a writ of habeas corpus under 28 U.S.C. § 2254. Citing the one-year statute of limitations found at 28 U.S.C. § 2244(d), the state has moved to dismiss the petition. The petitioner has not responded, and the deadline for response has expired. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

### I. Procedural History

Willie Hamilton was convicted of Murder in the Circuit Court of Grenada County, Mississippi, and on April 1, 1997, the court sentenced him to serve a term of life imprisonment. On June 22, 1999, the Mississippi Court of Appeals affirmed the conviction and sentence in a written opinion. *Hamilton v State*, 742 So.2d 1173 (Miss Ct. App. 1999). The state court records reflect that Hamilton failed to timely seek discretionary review in state court by filing a petition for rehearing in the supreme court as provided for in Mississippi Rule of Appellate Procedure 40.[1] By failing to timely seek the first step of discretionary review, Hamilton

---

[1] The docket of the Mississippi Supreme Court reflects that on April 8, 2008, Hamilton filed in the Mississippi Supreme Court an application to proceed in the trial court with a motion for post-conviction relief ("PCR"), and that court dismissed the petition as untimely. Therefore, the judgment was "final" fourteen (14) days after his conviction was affirmed, July 6, 1999 (June 22, 1999, plus 14 days).

1

"stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court or the United States Supreme Court by way of a petition for writ of certiorari.[2] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, Hamilton's conviction became final, and the statute of limitations for federal habeas relief began to run, when the time for seeking further direct review in the state court expired, i.e. fourteen days after his conviction was affirmed on direct appeal. M.R.A.P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Consequently, Hamilton's judgement was "final" on July 6, 1999. Accordingly, absent additional statutory or equitable tolling, Hamilton's petition was due in this Court on or before July 6, 2000. There were no additional "properly filed" motions which would serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act requires that a petitioner file his federal habeas corpus petition within one year of the date that the petitioner's judgment of conviction becomes final. Specifically, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] As the Fifth Circuit pointed out in *Roberts v. Cockrell*, 319 F.3d 690, 693 fn 14 (5th Cir. 2003), "By failing to file a petition for discretionary review withing the time period during which he could have saught such rehearing, [Hamilton] apparently waived his right to seek a writ of certiorari from the Supreme Court."

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless one of the narrow exceptions provided by § 2244(d)(1)(B-D) applies, a petitioner must file his petition within one year of the date his conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

### 1. Mailbox Rule

Under the "mailbox rule," Hamilton's pro se federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th

Cir. 1998)). In the instant case, the petition was signed on August 3, 2011, and was stamped as "filed" in this Court on August 17, 2011. As such, his petition was filed some 4,045 to 4,059 days after the July 6, 2000, deadline for filing his federal habeas.

## 2. Equitable Tolling

The United State Supreme Court recently held that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" which prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418). The Fifth Circuit has likewise addressed the doctrine of equitable tolling. *See Alexander v Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11, (5th Cir. 1998) ("[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, equitable tolling is permitted only "*in rare and exceptional circumstances*." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis added); *Davis,* 158 F.3d at 811.

Hamilton fails to present any "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000)*; Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999). Hamilton's explanation for the tardiness of his federal habeas petition relies on a claim of an "intervening" decision. He argues that an intervening decision by the Mississippi Supreme Court should serve to excuse the lateness of his petition, citing *Rowland v. State,* 42 So.3d 503 (Miss. 2010)(defendant's double jeopardy claim implicated a fundamental right such that it was

excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA)). The petitioner's claim of an "intervening" decision does not alter the calculations of the limitations period. Although 28 U.S.C. § 2244(d)(1)(C) provides relief based on an intervening decision, that section of the statute allows for a separate start date for the limitations period on the date a "constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner has not presented a constitutional right recognized by the United States Supreme Court, and therefore cannot, by definition, fall under 28 U.S.C. § 2244(d)(1)(C). Consequently, Hamilton is not entitled to relief based on his claim that there has been an "intervening" decision which affects his case.

In addition, any claim that he was unsure how to proceed fails to afford him the right to equitable tolling. See *Fisher v. Johnson*, 174 F.3d at 713 (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing); see also *Felder v. Johnson*, 204 F.3d at 170 (neither proceeding pro se, inadequacies in a prison law library nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling). A pro se prisoner's ignorance of the law is insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d at 629.

"Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). *Melancon*, 259 F.3d at 408 (finding four-month delay in filing petition after ruling in state court was not "expedient" to warrant equitable tolling). Hamilton has clearly failed to show that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling under the facts of

this case. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner did not file his petition for writ of habeas until August 17, 2011, over ten years from the date his conviction became final. As such, Hamilton has clearly failed to meet his burden to establish proof that he proceeded with the requisite diligence to be entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). "[E]quity is not intended for those who sleep on their rights." *Coleman*, 184 F.3d at 403.[3]

### III. Conclusion

Because Hamilton filed his petition too late and cites no "rare and exceptional" circumstance to warrant equitable tolling, the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings,

---

[3]Even assuming that the petition were timely, the instant petition could alternatively be dismissed for failure to exhaust state court remedies. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott,* 26 F.3d 29, 30 (5th Cir. 1994). To satisfy the exhaustion requirement, a federal habeas applicant must generally present each of his claims to the state's highest court in a **procedurally proper manner** and provide the high state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *see also Carter v. Estelle,* 677 F.2d 427, 442-44 (5th Cir. 1982), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert denied*, 460 U.S. 1056 (1983); *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1989). When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett,* 61 F. 3d 410, 416 (5th Cir. 1995); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.")

6

conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 12th day of January, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE